UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **Cheryl Bradley,** | ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | Civil No. 14-cv-01444 (APM) |
| **D.C. Public Schools,** | ) ) ) | |
| **Defendant.** | ) ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant District of Columbia Public Schools' ("DCPS") Second Consent Motion to Extend Fact Discovery. ECF No. 25 [hereinafter Def.'s Second Consent Mot.]. DCPS' lack of diligence in pursuing discovery in this matter leaves the court little choice but to deny its motion.

A Scheduling Order is "intended to serve as the unalterable road map (absent good cause) for the remainder of the case." *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D.D.C. 2005) (citation omitted) (internal quotation marks omitted). It "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (citation omitted) (internal quotation marks omitted). Because the deadline for discovery has now passed—DCPS filed its Second Consent Motion on October 13, 2015, one day after discovery closed—DCPS must demonstrate "good cause" to modify the Scheduling Order. *See Dag Enters.*, 226 F.R.D. at 105; Fed. R. Civ. P. 16(b); LCvR 16.4.[1] "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial

---

[1] Although the court's Minute Order dated July 8, 2015, stated that it would not grant any further extensions absent "extraordinary circumstances," the court nevertheless will apply the "good cause" standard.

schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Dag Enters.*, 226 F.R.D. at 105 (citations omitted) (internal quotation marks omitted). "Mere failure on the part of counsel to proceed promptly with the normal processes of discovery" is not considered good cause. *See id.* (citation omitted) (internal quotation marks omitted). "If a party that seeks to extend the scheduling order to take untimely discovery was not diligent, the inquiry should end." *Id.* (citation omitted) (internal quotation marks omitted).

The procedural history of this matter shows DCPS' lack of diligence—for that matter, both parties' lack of diligence—in pursing timely discovery. On March 18, 2015, the court set a fact discovery deadline of August 7, 2015, and a final discovery deadline of September 11, 2015. Order, ECF No. 16. This schedule gave the parties nearly six months to complete discovery—notably, more time than they requested in their Local Rule 16.3 submission. *Id.*; Jt. Rpt., ECF No. 15, at 2 (seeking "160 days for discovery"). In their Joint Status Report, filed on June 16, 2015, the parties assured the court that they were "working cooperatively to move discovery forward," and reported (1) that Plaintiff anticipated serving discovery requests by June 19, 2015—even though three months had passed since the court had entered the Scheduling Order—and (2) that DCPS anticipated deposing Plaintiff the week of July 20, 2015. Jt. Status Rpt., ECF No. 19.

None of those events came to pass. On July 8, 2015, Plaintiff filed a consent motion seeking to extend the discovery deadlines by an additional month. *See* Consent Mot. for Ext. of Time to Complete Disc., ECF No. 20 [hereinafter Pl.'s Consent Mot.]. Plaintiff represented that "the remaining discovery period is not sufficient to complete the necessary discovery in this litigation, specifically depositions, based on events out of the control of counsel"; that the "current discovery deadline does not provide adequate time to schedule, prepare, and depose deponents"; and that additional time was needed "to insure that there is an efficient and workable schedule in place." Mem. of P&A, ECF No. 20-1, at 1-2. The court granted the motion for additional time

and extended the remaining discovery deadlines, as requested, by one month.  Min. Order, July 8, 2015.  The deadline for fact discovery thus was reset to September 7, 2015, and the deadline for all discovery was reset to October 12, 2015.  *Id.*  The court's Minute Order warned that "[n]o further extensions shall be granted absent extraordinary circumstances."  *Id.*

Evidently, the extra month was not enough.  On September 8, 2015—one day after the fact discovery deadline expired—DCPS filed a consent motion seeking to extend fact discovery until October 12, 2015, the date for the conclusion of all discovery.  *See* Consent Mot. for Ext. of Time to Complete Disc., ECF No. 22 [hereinafter Def's First Consent Mot.].  The consent motion showed that the parties had been less than diligent in their discovery efforts.  Even though the parties had represented in their Joint Status Report that Plaintiff anticipated serving her written discovery on June 19, 2015, *see* Jt. Status Rpt. at 1, the First Consent Motion reported that she did not do so until nearly two months later on August 8, 2015, Def.'s First Consent Mot. at 1.  Similarly, although the parties' Joint Status Report had represented that DCPS anticipated deposing Plaintiff during the week of July 20, 2015, *see* Jt. Status Rpt. at 1, the First Consent Motion disclosed that Plaintiff's deposition was not set until August 18, 2015, but then was cancelled at her counsel's request, Def.'s First Consent Mot. at 1.  In seeking extra time, DCPS represented that "the parties believe that they can complete fact discovery within [the requested] timeframe" and, again, that the "parties [were] working cooperatively to complete discovery."  *Id.* at 1.  It also told the court that it "can be confident that discovery is moving forward."  *Id.*

The court's confidence was misplaced.  Even though the court extended the fact discovery deadline to October 12, 2015, to coincide with the close of all discovery, *see* Min. Order, Sept. 8, 2015, DCPS filed its Second Consent Motion on October 13, 2015, one day after discovery had closed.  The Second Consent Motion showed that the parties had done little, if anything, during the additional time.  *See* Def.'s Second Consent Mot.  It also showed an absence of "good cause"

3

to further extend the discovery deadline.

According to DCPS's Second Consent Motion, DCPS still had not provided Plaintiff with its written discovery responses, despite having received Plaintiff's requests over two months earlier. Def.'s Second Consent Mot. at 1. The only explanation DCPS offered is that: "Although counsel for the District was hopeful that the responses would be completed in time to allow the parties to complete discovery by the extended deadline. Unfortunately, counsel requires more time to coordinate a response with DCPS." *Id.* An unspecified reason for misfortune, however, is not "good cause." Moreover, seven months after the start of discovery, the parties seemingly have taken no depositions. The Defendant's Second Consent Motion again assured the court that the parties "continue to work cooperatively to schedule depositions." *Id.* But DCPS did not explain why it has been unable to schedule any depositions since its last extension request. Offering no cause, obviously, is not "good cause."[2]

## CONCLUSION

"Courts in this District have routinely denied requests for discovery beyond a cut-off date where a party has shown a lack of diligence during the allowed time period." *Dag Enters.*, 226 F.R.D. at 105. Sadly, this is another such case. The court, therefore, denies DCPS's Second Consent Motion to Extend Fact Discovery. The parties shall appear for a post-discovery conference, as scheduled, on October 22, 2015.

Dated: October 16, 2015

Amit P. Mehta
United States District Judge

---

[2] Plaintiff's counsel is not without blame for the present state of affairs. Though discovery commenced in March 2015, she waited almost five months to issue written discovery requests on August 8, 2015. Two months later, even though DCPS had not responded to her requests, she had not filed a motion to compel. Instead, she allowed the discovery period to expire.